**IN THE COURT OF APPEALS OF IOWA**

No. 16-1404
Filed September 13, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARK PAGE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Buchanan County, Jeffrey L. Harris, District Associate Judge.

The defendant appeals the denial of his motion to suppress.  **AFFIRMED.**

John Bishop of John Bishop Law Office, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Mullins, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**POTTERFIELD, Presiding Judge.**

Mark Page appeals the district court's denial of his motion to suppress. Page claims the district court should have granted his motion because he only admitted to using marijuana after being subjected to custodial interrogation without first receiving a *Miranda* warning.[1]

**I. Background Facts and Proceedings.**

On May 23, 2014, at approximately 7:40 p.m., State Trooper James Smith initiated a stop of Page's vehicle after Smith saw the vehicle traveling seventy-nine miles per hour in a zone with a maximum speed limit of sixty-five miles per hour. When he approached the vehicle, the trooper noticed Page had a newly lit cigarette. Trooper Smith later testified he had experience with drivers attempting to use the smell of a cigarette to mask the scent of alcohol or marijuana. Additionally, Trooper Smith noticed Page's hands were shaking, his eyes were bloodshot and watery, and he seemed to be struggling to identify his registration. Smith asked Page to come back to his squad car to sit while Smith ran Page's information on the in-car computer and then for Page to sign to the citation for speeding on the computer as well. Page let himself into the front seat of the squad car, and the doors remained unlocked while he sat in the passenger seat. Once he was sitting in the squad car, Trooper Smith asked Page if he had smoked marijuana recently, and Page admitted he had smoked marijuana that morning. Trooper Smith advised Page he would conduct a few tests to determine if Page was impaired from the marijuana, and Page stated he had been smoking the drug for thirty years and had a high tolerance. Page later

---

[1] *See Miranda v. Arizona*, 384 U.S. 436, 468 (1966)

stated it was 2:00 p.m. when he smoked marijuana. At one point he described his use as "just a puff" although he later told Trooper Smith he had "smoked a bowl." The officer had Page perform a number of field sobriety tests, which Page completed with mixed results. Trooper Smith then observed inside Page's mouth and noticed "a greenish brown tint on his tongue," which can "[s]ometimes be an indicator of marijuana use." At that point, the officer placed Page under arrest for operating while intoxicated, read him his *Miranda* rights, and transported him to the local police station. Page gave a urine sample for drug testing, and the test result showed THC—indicating use of marijuana—in the sample.

Page was charged by trial information with operating while intoxicated, second offense, in violation of Iowa Code section 321J.2 (2014). He filed a motion to suppress, asking the court to suppress all evidence "obtained as a result of the illegal search and seizure." Following a hearing on the matter, the district court denied Page's motion.

After a bench trial, the district court found Page guilty as charged. He was sentenced to a term of incarceration not to exceed 365 days with all but fourteen days suspended. Page appeals.

## II. Standard of Review.

"We review the district court's denial of a motion to suppress based on the deprivation of a constitutional right de novo." *In re Pardee*, 872 N.W.2d 384, 390 (Iowa 2015).

## III. Discussion.

Before an individual who is in police custody can be subject to interrogation, the person must be advised of certain constitutional rights. *See*

*Miranda*, 384 U.S. at 478–79. The *Miranda* requirements are not triggered unless there is both custody and interrogation. *State v. Turner*, 630 N.W.2d 601, 907 (Iowa 2001). "Any statements made by a suspect in response to custodial interrogation are inadmissible unless there has been an adequate recitation of the *Miranda* warning and a valid waiver by the suspect of his or her rights." *State v. Palmer*, 791 N.W.2d 840, 844–45 (Iowa 2010).

To determine whether a person was in custody, "[w]e employ an objective test." *Turner*, 630 N.W.2d at 607. "[T]he only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation." *Id.* "This requires examination of the totality of the circumstances with no one particular fact or factor being determinative of the issue." *State v. Smith*, 546 N.W.2d 916, 922 (Iowa 1996).

It is well-settled that "the temporary and relatively nonthreatening detention involved in a traffic stop or *Terry* stop[2] does not constitute *Miranda* custody." *State v. Pals*, 805 N.W.2d 767, 788 (Iowa 2011) (quoting *Maryland v. Shatzer*, 599 U.S. 98, 113 (2010)). The question is whether accompanying the trooper back to his squad car was enough to make the encounter custodial in nature. Here, Trooper Smith asked Page to come back to his squad car in order to allow the officer to run his information through the in-car computer and so Page could sign his citation. The trooper testified he usually asks drivers to do this because it is how he was trained to do it and because the in-car computer, though technically able to be removed from the squad car, works best from the car. Additionally, the officer testified he does so for safety reasons. Page agreed

---

[2] *Terry v. Ohio*, 392 U.S. 1 (1968).

to get in the squad car, and he placed himself in the front, passenger seat. While he sat there, the doors of the squad car remained unlocked. Based on the totality of the circumstances, the reasonable person in Page's position would not have believed he was in police custody.

In reaching this conclusion, we have considered a similar factual situation in which we reached the same result. In *State v. Plager*, No. 03-0619, 2004 WL 144122, at *2–3 (Iowa Ct. App. Jan. 28, 2004), our court was asked to decide if the defendant was in police custody when he accompanied the officer back to his patrol car, sat in the front seat, and then proceeded to make incriminating statements. A panel of our court considered that the language used by the officer to summon the defendant was "not intimidating or threatening," the defendant "was not handcuffed," and the defendant was only "briefly confronted with the evidence of his guilt when the Deputy indicated that he had a strong odor of alcohol coming from his person." *Plager*, 2004 WL 144122, at *2. The court ultimately determined, "The mere fact that [the officer] asked [the defendant] to come back to his patrol car, while he checked the status of his driver's license, did not transform an ordinary traffic stop into custodial interrogation." *Id.* at *3.

Because Page was not in custody when he made incriminating statements to Trooper Smith, the *Miranda* requirements had not been triggered, and the district court properly denied Page's motion to suppress. We affirm.

**AFFIRMED.**